**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN SLACK and NIKKI LEPA, on behalf of themselves and all others similarly situated, | CASE NO.: _____ |
| *Plaintiff,* | |
| v. | JUDGE: _____ |
| OS RESTAURANT SERVICES, LLC d/b/a CARRABBA'S ITALIAN GRILL, | |
| | JURY DEMANDED |
| *Defendant.* | |

## COLLECTIVE/CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Steven Slack ("Named Plaintiff Slack") and Nikki Lepa ("Named Plaintiff Lepa") (collectively "Named Plaintiffs") bring this action against Defendant OS Restaurant Services, LLC ("Defendant"). Defendant conducts business under the name Carrabba's Italian Grill.

2.     Named Plaintiffs bring their federal claims against Defendant, who was their employer, in order to recover compensation, liquidated damages, attorneys' fees and costs and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA") as amended 29 U.S.C. § 201, *et seq.* Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3.     Named Plaintiffs bring their Ohio claims against Defendant, who were their employer, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act; Ohio Rev. Code Ann. §§ 4111 *et seq.* (the "Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code

Ann. § 4113.15; the Ohio Const., art. II, § 34a ("Ohio Constitution") (the Ohio Wage Act, Ohio

Constitution, and the OPPA will be collectively referred to as the "Ohio Wage Laws"); and Ohio

Rev. Code Ann. § 2307.60. Named Plaintiffs brings Ohio Wage Laws and Ohio Rev. Code Ann.

§ 2307.60 claims on behalf of themselves and all other similarly situated employees who file their

written consent to join this action pursuant to Ohio Rev. Code Ann. § 4111.14(k). Named Plaintiffs

seek Court Supervised Notice pursuant to Ohio Rev. Code Ann. § 4111.14(k).

4.      Named Plaintiffs and those similarly situated (hereafter, "Putative Plaintiffs") are

current and former employees of Defendant for whom Defendant required to participate in a tip

pooling arrangement that requires employees to pool tips and share them with supervisors or

managers while relying on the "tip credit" provisions of the FLSA and applicable Ohio Wage

Laws. Named Plaintiffs and the Putative Plaintiffs were also required to pay tips they earned from

sales of non-alcoholic drinks and food to employees designated as "server's assistants." These

server's assistants were not scheduled to work or, if they were scheduled to work, they were not

assigned to perform tip-related work assisting Named Plaintiffs and the Putative Plaintiffs but still

received a portion of the tips that Named Plaintiffs and the Putative Plaintiffs received during their

shifts.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Named Plaintiff's claims because they are brought

pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to

28 U.S.C. § 1331.

6.      This Court has jurisdiction over Named Plaintiffs' supplemental state law claims

pursuant to 28 U.S.C. § 1367.

7.     Venue for this action properly lies in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## PARTIES

8.     Plaintiff Steven Slack ("Named Plaintiff Slack") is an adult individual residing in Columbus, Ohio at 2348 Backbay Drive, Columbus, Ohio 43235. Plaintiff worked for Defendant as an hourly non-exempt server from April 4, 2011 until August 20, 2025. His Notice of Consent to Join this Lawsuit is attached hereto as **Exhibit A** and is filed with this Complaint pursuant to 29 U.S.C. § 216(b).

9.     Plaintiff Nikki Lepa ("Named Plaintiff Lepa") is an adult individual residing in Granville, Ohio at 5200 Outville Road, Granville, Ohio 43023. Plaintiff has worked for Defendant since January 2000 and is currently employed as an hourly non-exempt server. Her Notice of Consent to Join this Lawsuit is attached hereto as **Exhibit B** and is filed with this Complaint pursuant to 29 U.S.C. § 216(b).

10.    The Putative Plaintiffs are all hourly non-exempt servers who were employed by Defendant at any time within the three (3) years preceding the commencement of this action who were paid a tipped minimum wage and were subject to Defendants' tip pooling policies.

11.    Defendant OS Restaurant Services, LLC is a foreign limited liability company registered to do business in Ohio. Process may be served upon its registered agent Corporate Creations Network, Inc. at 119 E. Court Street, Cincinnati, Ohio 45202.

## FACTUAL ALLEGATIONS

12.     At all times relevant to this Complaint, Defendant is currently or was an employer within the meaning of the FLSA, Ohio Wage Laws, and Ohio Rev. Code Ann. § 2307.60.

13. At all times relevant to this Complaint, Defendant employs or previously employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA, Ohio Wage Laws, and Ohio Rev. Code Ann. § 2307.60.

14. At all times relevant to the Complaint, Named Plaintiffs and the Putative Plaintiffs were or are currently Defendants' employees pursuant to the FLSA, Ohio Wage Laws, and Ohio Rev. Code Ann. § 2307.60.

15. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level.

16. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were non-exempt employees as the term is defined by the FLSA and the Ohio Wage Laws.

17. During all times material to this Complaint, Defendant operated full-service restaurants that employ non-exempt hourly servers and bartenders, such as Named Plaintiffs and the Putative Plaintiffs, to provide various services to their customers.

18. An hourly restaurant server is expected to "be knowledgeable in all aspects of food, beverage, and service," since their primary responsibility is to take orders from customers; and deliver food and drinks to Defendant's customers.[1]

---

[1] *Hourly Restaurant Server*, careers.carrabbas.com, https://careers.carrabbas.com/restaurant-server/job/P1-105745-

19.     An hourly bartender is responsible for making various alcoholic beverages for Defendant's customers.[2]

*Defendant Maintained an Illegal Tip Pool*

20.     During all times material to this Complaint, Defendant paid Named Plaintiffs and the Putative Plaintiffs at an hourly rate below federal and Ohio minimum wage. By paying Named Plaintiffs and the Putative Plaintiffs less than the minimum wage per hour, Defendant is taking advantage of a tip credit, which allows them to count a portion of the amounts Named Plaintiffs and the Putative Plaintiffs receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

21.     An employer is prohibited from keeping "tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

22.     During all times material to this Complaint, Defendant has a policy and practice of requiring Named Plaintiffs and the Putative Plaintiffs to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees. Shared Tips and Tip Credit Policy attached hereto as **Exhibit C**.

23.     Specifically, Named Plaintiffs and the Putative Plaintiffs were required to contribute portions of their tips to the following:

| Tip Percentage | Employee |
| --- | --- |
| 3.5% of sales on nonalcoholic drinks and food | Hourly Service Support |
| 3% | Busser, Host |
| 6.5% Alcohol Sales | Hourly Bartender |

0?_gl=1%2A1xd5qt2%2A_gcl_au%2AMTIzMTY1NjE4Mi4xNzYxODU4Mjc2 (last visited Oct. 30, 2025)

[2] *Hourly Bartender*, careers.carrabbas.com, https://careers.carrabbas.com/bartender/job/P1-104855-0?_gl=1%2A1xd5qt2%2A_gcl_au%2AMTIzMTY1NjE4Mi4xNzYxODU4Mjc2 (last visited Oct. 30, 2025).

24.     At all times relevant to this Complaint, Named Plaintiffs and the Putative Plaintiffs were required to contribute 3.5% of the tips they received to Hourly Service Support staff. An Hourly Service Support employee is responsible for delivering food to customers' tables; "anticipat[ing] Guest needs in a hospitable and timely manner;" and performing "sidework duties to maintain clean, organized and well-stocked areas."[3]

25.     Upon information and belief during various times relevant to this Complaint, Named Plaintiffs and the Putative Plaintiffs were required to contribute their tips to Hourly Service Support employees even if:

    a.  the Hourly Service Support employees were not scheduled to work during their shift;

    b.  the Hourly Service Support employees were scheduled to work but were not scheduled to assist Named Plaintiff and the Putative Plaintiff with their assigned table or section; or

    c.  the Hourly Service Support employees did not actually perform tip-related work. For example, Hourly Service Support employees would occasionally be assigned to fulfill online and pick-up orders.

26.     Upon information and belief during various times relevant to this Complaint, Named Plaintiffs and the Putative Plaintiffs worked several shifts during which supervisors or managers, who were scheduled to work as managers and who were acting as managers throughout the course of their scheduled shift, participated in the employees' tip pool.

---

[3] *Hourly Service Support*, careers.carrabbas.com, https://careers.carrabbas.com/server-support/job/P1-248340-0?_gl=1%2Aj4a2uo%2A_gcl_au%2AMTIzMTY1NjE4Mi4xNzYxODU4Mjc2 (last visited Nov. 12, 2025).

27.     During all times material to this Complaint, and upon information and belief, Named Plaintiffs and the Putative Plaintiffs remitted tips to other employees, including the hourly service support employee, supervisor or manager involuntarily. Defendant informed Named Plaintiffs and the Putative Plaintiffs that remitting tips is a condition of employment and, therefore, mandatory.

28.     For example, on or about October 15, 2025, Named Plaintiff Lepa worked one and one-half hours serving customers without the assistance of an hourly server assistant. The hourly server assistant was not scheduled to work during this time and was not on the premises to perform tip-related work. At end of her shift, Named Plaintiff Lepa used Defendant's computer system to subtract that time (and the associated tips she earned) from the hourly server assistant's tips. Her boss noticed that she did this and confronted her. Her boss claimed that, in subtracting these tips from the server assistant's pay, Named Plaintiff Lepa was creating a hostile work environment. Named Plaintiff Lepa was instructed to pay into the tip pool, no matter what happened during her shift.

29.     During all times material to this Complaint, and upon information and belief, Defendants jointly received the benefit of these tips at the expense of Named Plaintiffs and the Putative Plaintiffs who earned tips.

*Defendant Violated the Dual Jobs Rule and the 80/20 Rule*

30.     Defendant regularly required Named Plaintiff Slack and the Putative Plaintiffs to perform a number of non-tipped duties unrelated to his tipped occupation as a server while only paying them a subminimum hourly wage. The non-tipped unrelated duties they are required to perform while being paid a subminimum hourly wage includes but is not limited to: doing the dishes before and during their shift; sweeping the front of the restaurant; and cleaning the bar. *See* Server Ins & Outs, attached hereto as **Exhibit D.**

7

31.     In addition to performing duties unrelated to their jobs as servers, Defendant also regularly and frequently required Named Plaintiff Slack and the Putative Plaintiffs to perform a number of non-tipped duties related to their tipped occupation. For example, Defendant regularly and frequently required Plaintiff and the Putative Plaintiffs to: make non-alcoholic drinks such as unsweetened tea, sweet tea, lemonade; prep the serving station by filling the ice machine, ensuring the area was fully stocked and clean; roll fifty (50) sets of silverware; bus tables; refill oils; ensure the booths were clean; and perform other miscellaneous tasks. *Id.*

*Closing Shift*

32.     Servers who are scheduled to close the store are responsible for filling the oils, salt and pepper; sweeping the section; rolling and polishing fifty (50) sets of silverware; ensuring all chairs are pushed in and tables were properly aligned; ensuring that the booths and tables in their section are clean; stowing leftover linens in dry stock; placing soda nozzles in hot water to soak overnight; pitchers are placed in the sink to be cleaned; and ensuring herbs and cheese are stored in the walk-in refrigerator ("Closing Duties"). *Id.* Servers would spend more than thirty (30) minutes performing these closing tasks while clocked in at their tipped hourly rate, in violation of the 80/20 rule.

33.     At all times relevant to this Complaint, Defendant required its servers to meet specific sales quotas. For example, Defendant has a special deal for its customers. If a customer purchases an entrée at full price[4] in the restaurant, they can take home a second meal for an additional ten dollars ($10). Servers who did not meet their quotas were required to roll fifty (50) additional sets of silverware after the end of their scheduled shift.

---

[4] Upon information and belief, Defendant maintained a companywide policy and practice that considered dinner entrees to be full priced entrees. Customers who purchased a lunch entrée did not make a qualifying purchase.

8

34.     Servers were not permitted to roll silverware when customers were in the restaurant, so this work had to be performed at the end of employees' shifts or when business was slow.

35.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were paid sub-minimum wages for the time they spent rolling the fifty (50) sets of silverware or performing these closing tasks.

*Defendant's Violation of The FLSA And Ohio Wage Laws Was Willful*

36.     During all times material to this Complaint, Defendants maintained and continues to maintain a practice of paying their employee servers, such as Named Plaintiffs and the Putative Plaintiffs subminimum hourly wages under the tip-credit provisions of the FLSA. However, Defendant violated the tip credit provisions because it:

    a.  Failed to inform their servers, including Named Plaintiffs and the Putative Plaintiffs, of the tip credit provisions, as required by 29 U.S.C. § 203(m)(2)(a);

    b.  Failed to allow their servers, including Named Plaintiff and the Putative Plaintiffs to retain all of their tips because they required their servers to pool their tips with managers or supervisors;

    c.  Failed to allow their servers, including Named Plaintiff and the Putative Plaintiffs to retain all of their tips because they required their servers to pool their tips with employees who do not customarily and regularly receive tips; and

37.     During all times material to this Complaint, and upon information and belief, Defendant willfully carried out its illegal scheme. This is evidenced by Defendant's previous lawsuit: *Ford v. Carrabba's Italian Grill, LLC*, No. 8:21-cv-02964 (D. Md. Nov. 8, 2023). In this case, Defendant's employees alleged that it violated the FLSA in the following ways:

    d.  Defendant failed to warn its employees of its desire to rely on the FLSA's tip credit to meet its minimum wage obligations;

9

e. Defendant made illegal deductions that reduced its tipped employees' wages below the minimum wage for tipped employees;

f. Defendant required its tipped employees to perform work unrelated to their tipped occupation; and

g. Defendant required its tipped employees to perform non-tipped side work in excess of 20% of the time they spent working each week.

*Complaint* at ¶8, *Ford*, No. 8:21-cv-02964 (D. Md. 2023), ECF No. 1. Since the dismissal of this matter, Defendant has continued its illegal practices, which violate both state and federal law.

38. Defendants failed to comply with the tip credit provisions of the FLSA and, as a result, are liable for violating the FLSA, Ohio Constitution, and Ohio Wage Laws by failing to pay their tipped employees, including Named Plaintiffs, the full minimum wage as is required under the FLSA and established by the Ohio Constitution and the Ohio Wage Laws.

39. The unpaid wages to which Named Plaintiffs and the Putative Plaintiff are entitled have remained unpaid beyond their regular pay day for the period in which their workweek ends, in violation of the FLSA. 29 C.F.R. §779.106. These wages also remain unpaid beyond the thirty-day period established by the OPPA. Ohio Rev. Code Ann. § 4113.15.

*Defendant Failed to Produce Requested Records*

40. On September 19, 2025, Named Plaintiffs' attorney, acting on behalf of Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack (Notice of Consent attached **Exhibit E**) and Opt-in Plaintiff Caden Reed (Notice of Consent attached **Exhibit F**), sent letters to Defendant via certified mail to Defendant's registered agent and regular mail to Defendant's business address in Florida. In these letters, Named Plaintiffs' attorney identified himself as Named Plaintiffs' attorney and requested all documents concerning Named Plaintiffs' hours worked, wages paid, and their personnel files pursuant to R.C. 4111.14(G)(1). Named Plaintiffs' attorney included Named

Plaintiffs' executed Release of Payroll and Personnel Information with each letter to demonstrate that he was specifically authorized by Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack and Opt-in Plaintiff Caden Reed to request these records. Named Plaintiffs' attorney asked Defendant to respond within thirty (30) business days pursuant to R.C. 4111.14(G)(3). Letters attached hereto as **Exhibit G**.

41. According to the certified mail tracking information supplied by the U.S. Postal Service, Defendant's registered agent received these requests for Named Plaintiffs' records on September 23, 2025 and via regular mail. Certified mail tracking attached hereto as **Exhibit H.**

42. Defendant did not produce any documents or records in response to this request.

43. Defendant did not otherwise respond to this request.

44. Defendant, in failing to respond to this request, violated Ohio Const. art II, § 34a and R.C. 4111.14(F)–(G).

45. Therefore, Defendant is liable for Named Plaintiffs' costs and reasonable attorneys' fees. R.C. 4111.14(K).

## COURT SUPERVISDED NOTICE

46. Named Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

47. Named Plaintiffs request this Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former tipped employees employed by Defendant in Ohio at any time within three (3) years preceding the commencement of this action who were paid a tipped minimum wage or were subject to Defendants' tip pooling policies. ("Employees Entitled to Notice").**

48. Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

49. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

50. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to Named Plaintiffs.

51. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraph above, and the success of their claims depends on the resolution of common issues of law and fact including, *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

52. Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53. Named Plaintiffs and Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

54. Named Plaintiffs seek to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

55. Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

56. Named Plaintiffs intend to send notice to all Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, e-mail addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

57. Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay minimum wage for all hours worked.

58. As a result of Defendant's FLSA violations, Named Plaintiffs and Employees Entitled to Notice are entitled to damages including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FLSA

59. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

60. Named Plaintiffs assert this claim on behalf of themselves, and all similarly situated individuals who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

61. Named Plaintiffs and all similarly situated individuals are employees, as that term is defined by 29 U.S.C. § 203(e)(1), and therefore are entitled to the FLSA's protections.

62. Defendant was an "employer," as defined by 29 U.S.C. § 203(d), and, therefore, is subject to the FLSA.

63. Defendant employed Named Plaintiffs and the Putative Plaintiffs, as that term is defined by 29 U.S.C. § 203(g).

64. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked 29 U.S.C. §206(a).

65. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C. §§ 206(a), 207.

66. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Named Plaintiffs and other similarly situated Employees Entitled to Notice, they forfeit the right to do so when certain requirements are not met. 29 U.S.C. §§ 203(m), (t).

67. Defendant failed to satisfy the requirements necessary to rely on the tip credit to satisfy its minimum wage and overtime obligations (as set forth above) by requiring Named Plaintiffs and the similarly situated Employees Entitled to Notice to:

a) share tips with employees who have no or only *de mimimus* interaction with customers;

b) spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below $7.25 (and below $10.88 per hour for hours over forty (40) in a workweek) and not working in tipped occupation for defined periods of time; and

c) spend idle time during their shift where they do not service customers or ring in a ticket while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over forty (40) in a workweek).

68. Defendant also failed to satisfy the requirements necessary to rely on the tip credit to satisfy its minimum wage and overtime obligations (as set forth above) by failing to inform Named Plaintiffs and Employees Entitled to Notice of the information required by statute.

69. As a result, Defendant has forfeited its right to utilize the tip credit to satisfy its minimum wage and overtime obligations.

70. As such, Defendant violated the FLSA by failing to pay Named Plaintiffs and the similarly situated employees Entitled to Notice for all time worked at $7.25 per hour (and $10.88 per hour for hours over forty (40) in a work week).

71. Named Plaintiffs and the similarly situated Employees Entitled to Notice are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

72. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

73. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

74. Named Plaintiffs assert this claim on behalf of themselves, and all similarly situated individuals who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

75. Named Plaintiffs and all similarly situated individuals are employees, as that term is defined by 29 U.S.C. § 203(e)(1), and therefore are entitled to the FLSA's protections.

76. Defendant is an "employer," as defined by 29 U.S.C. § 203(d), and therefore is subject to the FLSA.

77.  Defendant employed Named Plaintiffs and the Employees Entitled to Notice, as that term is defined by 29 U.S.C. § 203(g).

78.    As their employer, Defendant is statutorily obligated to pay Named Plaintiffs and the Putative Plaintiffs wages. 29 U.S.C. § 206(a).

79.  Wages for tipped employees, such as Named Plaintiffs and the Putative Plaintiffs, are a cash wage of $2.13 per hour plus tips actually received by the employee during each hour of work. 29 U.S.C. § 203(m)(2)(A).

80.  Under the FLSA, "an employer may not keep tips received by its employees for any purposes." 29 U.S.C. § 206(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

81.  U.S. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provide that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a pool only if it is limited to employees who customarily and regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." 29 C.F.R. § 531.54(c).

82.  Defendants unlawfully used and retained a portion of the tips earned by Named Plaintiffs and the similarly situated Employees Entitled to Notice and shared tips these employees earned with hourly service support who were not scheduled to work and who have no or insufficient customer interaction.

83.  Put differently, Defendants took these tips and used them to pay the hourly service support money in addition to their hourly wage.

84.  In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

85.  As a result of these violations, Named Plaintiffs and the similarly situated Employees Entitled to Notice lost wages.

86.  Consequently, Named Plaintiffs and the similarly situated Employees Entitled to Notice are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b).

**COUNT III:**
**VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a**

87.  Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

88.  Named Plaintiffs assert this claim on behalf of themselves, and all the Ohio Employees Entitled to Notice, pursuant to Fed. R. Civ. P. 23.

89.  Named Plaintiffs and the Employees Entitled to Notice are employees within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, are protected by the mandates of the Ohio Constitution.

90.  Defendant is an employer within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, is required to comply with the mandates of the Ohio Constitution.

91.  Article II, § 34a of the Ohio Constitution and Ohio Rev. Code Ann. § 4111.02 entitle employees to a minimum hourly wage that increases each year.

92.  Article II, § 34a of the Ohio Constitution creates an exception to this rule whereby an employer may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

93.  In order to utilize the tip credit, an employer must comply with the requirements set forth in Ohio Const. art. II, § 34a and section 3(m) of the FLSA, 29 U.S.C. § 203(m).

94. The Ohio Constitution requires an employer to pay an employee a minimum wage, but an employer may pay an employee less than minimum wage "if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. art. II, § 34a.

95. The FLSA permits an employer to take a tip credit for every hour that the tipped employee worked if, during that one hour of work, the employer paid their employee an hourly wage of $2.13 and the tips the employee earned during that one hour of work. 29 U.S.C. § 203(m)(2)(a). The total amount the employee earns should, at a minimum, be equal to the federal minimum wage. *Id.*

96. Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B).

97. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 206(m)(2)(ii).

98. Here, by unlawfully keeping and using tips earned by Named Plaintiffs and the Employees Entitled to Notice to pay the hourly service support, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage obligations.

99. The FLSA further prohibits employers from taking a tip credit if the employers allow non-customarily and regularly tipped employees and managers in its tip pool or tip sharing arrangements. 29 U.S.C. § 203(m).

100. Defendant violated this provision companywide by keeping tips received by Named Plaintiffs and the Employees Entitled to Notice and allowing employees who did not work or did not otherwise perform tip producing work to participate in its tip pool or tip sharing arrangements.

101. Employers also may not take tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. 29 C.F.R. § 531.56.

102. Here, by utilizing tip credit even when Named Plaintiffs and Employees Entitled to Notice perform work that directly supports tip-producing work for a substantial amount of time, which exceeds 20% of their hours worked, Defendants forfeited their right to utilize the tip credit in satisfying its minimum wage obligations.

103. Further, when Named Plaintiffs and Employees Entitled to Notice worked in a non-tipped position, Defendants compensated Named Plaintiffs and the Employees Entitled to Notice at a rate below the relevant Ohio minimum wage, in violation of Ohio Wage Laws.

104. As such, Defendant has violated Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const. art. II, § 34a by paying Named Plaintiffs and the Employees Entitled to Notice an hourly wage below the required minimum wage.

**COUNT IV:**
**VIOLATION OF THE OHIO PROMP PAY ACT BY**
**FAILING TO PROMPTLY PAY WAGES**

105. Named Plaintiffs re-allege, and incorporates by reference, the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

106. Named Plaintiffs asserts this claim on behalf of themselves, and all the Ohio Employees Entitled to Notice, pursuant to Fed. R. Civ. P. 23.

107. Named Plaintiffs and the Employees Entitled to Notice are employees within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, are protected by the mandates of the Ohio Constitution.

108. Defendant is an employer within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, is required to comply with the OPPA's provisions. Ohio Rev. Code Ann. § 4113.15.

109. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. Ohio Rev. Code Ann. § 4113.15(A).

110. At all times material to this Complaint, Defendant refused to pay Named Plaintiffs and the Ohio members of the Employees Entitled to Notice all owed overtime wages at one and one-half (1 ½) times their normally hourly rate and all wages at the statutorily mandated minimum wage rate within thirty (30) days of performing the work. Ohio Rev. Code Ann. § 4113.15(B).

111. Named Plaintiffs and the Ohio members of the Employees Entitled to Notice's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

112. Defendant's violations of the OPPA were of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

113. Defendant's violation of the OPPA caused Named Plaintiffs and the Employees Entitled to Notice to suffer damages in the form of lost wages.

**COUNT V:**
**CIVIL PENALTIES FOR CRIMINAL ACTS**
**OHIO REV. CODE ANN. § 2307.60**

114. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

115. Named Plaintiffs assert this claim on behalf of themselves, and all the Employees Entitled to Notice, pursuant to Fed. R. Civ. P. 23, who join this lawsuit.

116. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of this Act.

117. By their acts and omissions described herein, Defendant willfully violated the FLSA and Named Plaintiff and the Employees Entitled to Notice have been injured as a result.

118. Ohio Rev. Code Ann. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

119. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Employees Entitled to Notice are entitled to compensatory and punitive damages pursuant to Ohio Rev. Code Ann. § 2307.60.

## COUNT VI:
## FAILURE TO PRODUCE RECORDS

120. Named Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs as if they were expressly rewritten here.

121. Named Plaintiffs and the Employees Entitled to Notice are employees within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, are protected by the mandates of the Ohio Constitution and Ohio Wage laws.

122. Defendant is an employer within the meaning of Ohio Rev. Code Ann. § 4111.14(B) and Ohio Const., art. II, § 34a and, as such, is required to comply with the mandates of the Ohio Constitution and Ohio Wage laws.

123. An employer, like Defendant, is required to "maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid [to] an employee for a period of not less than three years following the last date the employee was

21

employed." Ohio Const., art II, § 34a; R.C. 4111.14(F). These records "shall be provided without charge to an employee or person acting on behalf of an employee upon request." Ohio Const., art. II, § 34a; R.C. 4111.14(G).

124.    An individual "acting on behalf of an employee" includes "the employee's attorney" who is "specifically authorized by an employee in order to make a request for that employee's own name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to that employee." R.C. 4111.14(G)(2).

125.    An employer is required to respond to this request within thirty (30) business days by either:

    a.    Providing the requested information within thirty (30) business days of receipt of the request;

    b.    Negotiating with the employee or their representative to establish an alternative deadline to provide this information; or

    c.    If the thirty-day period would cause some sort of hardship to the employer, they are to provide the requested information as soon as practicable.

R.C. 4111.14(G)(3).

126.    On September 19, 2025, Named Plaintiffs' attorney, acting on behalf of Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack and Opt-in Plaintiff Caden Reed with their authorization, submitted a request for their employment records—as that term is defined above—to Defendants with a request that they respond within thirty (30) business days.

127.    At all times material to this Complaint, Defendant failed to provide Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack, and Opt-in Plaintiff Caden Reed their requested records or otherwise respond to their request for information, as required by Ohio Const., art II, § 34a and R.C. 4111.14(F)–(G).

22

128.    Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack and Opt-in Plaintiff Caden Reed's request for records remains unfulfilled for more than thirty (30) business days after it was submitted.

129.    As a result, Defendant violated Ohio Const., art. II, § 34a, R.C. 4111.14(F) and (G).

130.    As such, Named Plaintiff is entitled to receive the requested records, reasonable attorney fees, and costs from Defendant. R.C. 4111.14(K); Ohio Const., art II, § 34a.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Employees Entitled to Notice pray this Court issue an Order granting the following relief:

A.  Sending Court Supervised Notice of this litigation, pursuant to 29 U.S.C. § 216(b), to the Employees Entitled to Notice as defined herein, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting the litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  Requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice;

C.  In the event Defendant seeks to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to Named Plaintiffs, Named Plaintiffs respectfully requests that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period;

D.  Issuing proper notice to the Employees Entitled to notice at Defendant's expense;

E.  For an Order certifying this action as a class action on behalf of the Employees Entitled to Notice under Fed. R. Civ. P. 23(b);

F. For an Order designating Named Plaintiffs as the Class Representatives for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

G. A finding that Defendant has violated the FLSA and Ohio Wage Laws;

H. A finding that Defendant's violations of the FLSA and the Ohio Wage Laws are willful and not in good faith;

I. A judgment against Defendant and in favor of Named Plaintiffs finding that Defendant violated the employment record provisions of R.C. 4111.14(F)–(G) and Ohio Const. art. II, § 34a;

J. An Order requiring Defendant to provide Named Plaintiff Slack, Opt-in Plaintiff Orazia Loebsack and Opt-in Plaintiff Caden Reed with their employment records within a reasonable time;

K. A judgment against Defendant and in favor of Named Plaintiffs and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages and unlawfully retained tips that Defendant failed and refused to pay in violation of the FLSA;

L. A judgment against Defendant and in favor of Named Plaintiffs and all Employees Entitled to Notice for all unpaid and underpaid wages and unlawfully retained tips that Defendant failed to pay and refused to pay in violation of the Ohio Wage Laws;

M. Awarding Named Plaintiffs and Employees Entitled to Notice who join this lawsuit the sum of 6% of the total unpaid wages or $200 for each instance of failure to pay wages owed within thirty (30) days, whichever is greater, pursuant to the OPPA;

N. Awarding Named Plaintiffs and Employees Entitled to Notice who join this lawsuit liquidated damages, treble damages, compensatory and punitive damages to the fullest

extent permitted under the FLSA, the Ohio Wage Laws and Ohio Rev. Code Ann. § 2307.60;

O. Awarding Named Plaintiffs and Employees Entitled to Notice who join this lawsuit pre-judgment and post-judgment interest to the fullest extent permitted by the law;

P. Litigation costs, expenses, and Named Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Ohio Wage Laws;

Q. Any other relief that this Court deems just and proper in equity and under the law.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

Dated: January 13, 2026

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Nickole K. Iula (OH Bar No. 0099895)
Anna R. Doren (OH Bar No. 0104562)
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221
Fax: (614) 744-2300
E-mail: bderose@barkanmeizlish.com
niula@barkanmeizlish.com
adoren@barkanmeizlish.com